UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROLYN R. GRAHAM,

       Plaintiff,                                   Civil Action No.
                                                                    11-10319

vs.

                                                                    HON. BERNARD A. FRIEDMAN

UNIVERSITY PHYSICIAN GROUP
d/b/a WAYNE STATE UNIVERSITY
PHYSICIAN GROUP,

       Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND GRANTING PLAINTIFF'S MOTION TO REMAND

**I.**     **Introduction**

Before the Court is Plaintiff Carolyn Graham's Motion to Amend Complaint and to Remand. Plaintiff filed her five count complaint in Wayne County Circuit Court. Defendant University Physician Group ("UPG" or Defendant) removed Plaintiff's complaint under 28 U.S.C. § 1441(a), asserting federal question jurisdiction. Following the removal, Plaintiff amended her complaint to delete Count V, which was the Count Defendant contended invoked federal jurisdiction. Plaintiff now asserts that Count V does not invoke federal jurisdiction, and requests 1) leave under Fed. R. Civ. P. 15(a)(2) to amend her complaint to the way it was at the time of removal by returning Count V to the complaint; 2) that the Court grant her motion to remand; and 3) alternatively, if the Court finds that Count V provided a proper basis for removal, then the Court remand only Counts I-IV. Defendant states in response that it is willing to stipulate to allowing Plaintiff to amend her complaint, but if the amended complaint includes a

1

federal count, it does not stipulate to a remand.

## II.      Analysis

Plaintiff filed her five count complaint in Wayne County Circuit Court, alleging 1) age discrimination; 2) breach of antiretaliation contract; 3) termination in violation of public policy; 4) promissory estoppel; 5) and breach of contract for failure to pay overtime wages.  Count V of Plaintiff's complaint for failure to pay overtime wages alleges "under defendant's policies and procedures, defendant agreed to pay overtime wages for hours worked in excess of 37.5 per week," and that "Defendant's conduct breached its agreement to pay plaintiff's overtime hours." Complaint, ¶ 58-61.

Defendant removed Plaintiff's complaint to this Court, contending that Count V of Plaintiff's complaint for failure to pay overtime wages is a federal claim under the Fair Labor Standards Act ("FLSA").  In response to the removal, Plaintiff filed an amended complaint dropping Count V.  Defendant filed an answer to the amended complaint.  Plaintiff then filed the instant motion, seeking leave to amend her complaint to reassert Count V, and requesting that the Court remand her complaint to Wayne County Circuit Court.

Plaintiff's complaint, in its current amended form, does not contain any federal claims. Plaintiff contends that Count V of her original complaint was not a federal claim, and should not be grounds for federal jurisdiction.

Plaintiff bases her argument on the "well pleaded complaint" rule.  This rule states that "plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  In *Caterpillar*, the Supreme Court explained that even if the plaintiffs could have filed their claims under

federal law, their decision not to do so was controlling.  Id. at 395.

Further, Plaintiff correctly argues that the FLSA does not preempt state law overtime claims.  *See* Wang v. Chinese Daily News, Inc., 623 F.3d 743 (9th Cir. 2010); Overnite Transportation v. Tianti, 926 F.2d 220, 222 (2d Cir. 1991).  In *Freeman v. City of Mobile, Ala.*, 146 F.3d 1292 (11th Cir. 1998), the Eleventh Circuit held in a case regarding local government employees that the FLSA does not preempt state law contract provisions that are more generous than the FLSA demands.  Here, if as Plaintiff states, Count V is based on a contract provision between the parties, then a cause of action based on such contract would not be preempted by the FLSA.

In response, Defendant argues that Count V does state an FLSA claim, and that Plaintiff's arguments to the contrary are without merit.  Defendant argues that Plaintiff's original complaint presented an FLSA claim on its face.  Defendant contends that Plaintiff's original complaint filed in Wayne County Circuit Court did not meet requirements for alleging a breach of an express contract under the local state rules.  MCR 2.113(F) requires that "a copy of the instrument or its pertinent parts must be attached to the pleading as an exhibit unless the instrument is. . . in the possession of the adverse party and the pleading so states. . ."  Plaintiff did not attach a copy of the contract, or "defendant's policies and procedures" as she refers to them, to the complaint, nor did she state that it was in Defendant's possession.  Defendant contends that Plaintiff therefore failed to plead a breach of contract claim, and such claim may only be construed as an FLSA claim.  The Court notes that this is a purely technical argument that, if a written contract or policies and procedures exist, could easily be remedied.  However, as explained below, it is not for the Court to rule on.

Defendant makes further arguments that Plaintiff's claim may fall within the requirements of the FLSA. However, even if a claim may meet the requirements of the FLSA, such situation does not preempt the claim from being construed as a state claim, if it was properly pleaded as such. *See supra*.

Regardless, however, of Plaintiff's arguments regarding artful pleading and preemption, and Defendant's responsive arguments, even if removal was proper, the Court no longer has jurisdiction over this matter. Plaintiff's amendment of her complaint subsequent to removal to eliminate Count V divested the Court of subject matter jurisdiction. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). As the Court no longer has subject matter jurisdiction, the Court may not rule on Plaintiff's motion to amend the complaint, and this matter must be remanded to the state court. Any attempt to amend the complaint must therefore be taken up in the state court.

**III.    Order**

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Amend Complaint is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Remand is GRANTED.


                                       S/Bernard A. Friedman
Dated: March 29, 2011           BERNARD A. FRIEDMAN
      Detroit, Michigan          UNITED STATES DISTRICT JUDGE